# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **QEP ENERGY COMPANY,**  Plaintiff,  v.  **CHRISTOPHER M. SULLIVAN, WILLIAM M. WARREN, and ARDEN BUCK,**  Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE**  Case No. 2:11-CV-809DAK  Judge Dale A. Kimball |

This matter is before the court on the Plaintiff QEP Energy Company's Motion to Remand this case to state court. On September 6, 2011, Defendant Christopher Sullivan Penn removed this action from the Eighth Judicial District Court in and for Uintah County, State of Utah, civil no. 110800743.

A case can be removed from state court to federal court only if the federal court would have otherwise had original jurisdiction over the case as a result of federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. § 1441(a). Because this case presents only state law causes of action, Defendant removed the case on the basis of diversity of citizenship under 28 U.S.C. § 1332. Parties to an action are diverse if they are "citizens of different States." *Id.* § 1332(a)(1). The Tenth Circuit has recognized that "[i]t has long been the rule that to satisfy the diversity of citizenship requirement . . . the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant." *Salt Lake Tribune Pub. Co. V. AT&T Corp.*, 320 F.3d 1081, 1095-96 (10th Cir. 2003).

Defendants are all individuals who are citizens of the State of Colorado. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) (A party's "citizenship" for purposes of federal jurisdiction is determined by looking to the person's domicile). Plaintiff is a corporation organized under the laws of Texas with its principal place of business in Denver, Colorado. A corporation is "deemed to be a citizen of an State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."

Defendants dispute whether Plaintiff's principal place of business is in Denver, Colorado. However, Plaintiff submitted evidence that its corporate headquarters has been in Denver, Colorado since July, 2010, and the company is managed and operated from Denver, Colorado. None of the evidence submitted or allegations made by Defendants calls into question the evidence submitted by Plaintiff. The court concludes, therefore, that Plaintiff's principal place of business is Denver, Colorado and Plaintiff is a citizen of Colorado. Accordingly, there is no diversity of citizenship between Plaintiff and Defendants and this court lacks jurisdiction over the case. Defendants removal of the action from state court was improper and the case must be remanded to state court. Plaintiff's motion to remand is GRANTED.

Based on the above reasoning, this matter is REMANDED to the Eighth Judicial District Court in and for Uintah County, State of Utah, civil no. 110800743. Pursuant to 42 U.S.C. § 1447(c), the clerk of this court shall mail a certified copy of this order of remand to the clerk of said state court.

DATED this 5th day of October, 2011.

                BY THE COURT:

                _____
                DALE A. KIMBALL
                United States District Judge